SARAH E. RONDEAU vs. PEOPLE'S LOAN & TRUST CO.

JULY 10, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  "*Defaulted*" *Cases.   Final Judgment.*

The entry "defaulted" made by a district court under the provisions of Gen. Laws, 1909, cap. 286, § 6, is not a judgment but the preliminary entry upon the record of defendant's default in not answering the case upon the entry day.   Upon this is based the subsequent proceedings leading up to the entry of the final judgment by default.   Over this final judgment entered upon motion and proper proof of claim, the district court is given control for six months under cap. 294, § 2, and has jurisdiction to hear and determine motions to set aside such final judgment when such motions are made during said period of six months.

ASSUMPSIT.   Heard on questions certified to Supreme Court.

SWEETLAND, J.   This case is before the court upon questions of law certified from the district court of the Sixth Judicial District.   The action was commenced in August, 1909, by writ returnable to said district court on August 25th, 1909.   The case was entered upon the return day thereof, was unanswered on said entry day, was continued one week and was then defaulted.   On October 5th, 1910, on *ex parte* motion of the plaintiff and on proof of claim satisfactory to the court, the court entered judgment in said cause for the plaintiff for the full amount of her claim.   On October 11th, 1910, the defendant filed a motion in said district court to have the judgment set aside and the case reinstated. The plaintiff objected on the ground that said district court had no jurisdiction to entertain or determine said motion. The district court certified the following questions of law to this court to be heard and determined:

"First:   Has the District Court jurisdiction under the provisions of Section 2, Chapter 294 of the General Laws, 1909, to entertain and adjudicate a motion to remove

judgment by default when said motion was filed in the cause more than one year after the case was originally defaulted, yet filed within six months from the time when proof of claim was made and a nil dicet judgment entered on said proof of claim in said court?

"Second: Does time begin to run in which a judgment by default can be removed under the provisions of section 2 of Chapter 294 of the General Laws upon the entry of the original default recorded in said cause?"

The case was defaulted in the district court under chap. 286, section 6, Gen. Laws, 1909, which in part is as follows: "All other cases in which no entry of appearance by the defendant shall be made as provided in sections one and two shall be continued one week, or to the next civil session of the court if the next civil session be later than one week; and on the day to which such case is continued, such case shall be defaulted." The judgment in the case was entered in accordance with Chapter 294, section 1, Gen. Laws, 1909, which in part is as follows: "Upon default or submission of the defendant in any case at law, judgment shall be entered at any time thereafter on ex-parte motion and proper proof of claim."

The defendant's motion that the judgment be set aside and the case reinstated is based upon Chapter 294, section 2, Gen. Laws, 1909, which is as follows: "SEC. 2. In case of judgment by default, or in case of judgment entered by mistake, or in case of decrees in all equity causes and causes following the course of equity, the court entering the same shall have control over the same for the period of six months after the entry thereof, and may, for cause shown, set aside the same and reinstate the cause, or make new entry and take other proceedings, with proper notice to parties, with or without terms, as it may direct by general rule or special order."

(1)    The plaintiff contends that the "judgment by default," over which the courts are given control for a period of six months, under the provisions of said sec. 2, Chapter 294.

in the case of district courts, is the entry "defaulted" made in an unanswered case in accordance with the provisions of said section 6, Chapter 286. This claim of the plaintiff is not in accordance with the settled practice in district courts and is not sound. The entry "defaulted" made by the clerk of the district court in compliance with the statute is not a judgment, but the preliminary entry upon the record of the defendant's default in not answering the case upon the entry day. Upon this is based the subsequent proceedings leading up to the entry of the final judgment by default. Over this final judgment, entered upon motion and proper proof of claim, the district court is given control for six months, and said court has jurisdiction to hear and determine motions to set aside this final judgment, when such motions are made during said period of six months.

The first question certified for our determination is answered in the affirmative; the second question is answered in the negative.

The papers in the case with our decision certified thereon are remitted to the District Court of the Sixth Judicial District for further proceedings.

*Bassett & Raymond,* for plaintiff.

*R. W. Richmond,* of counsel.

*John W. Hogan, Philip S. Knauer,* for defendant.